■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW HOCKFORD, Appellant. [610 NYS2d 110] —Judgment unanimously affirmed. Memorandum: Defendant pleaded guilty to escape in the second degree and criminal trespass in the third degree. As part of the plea bargain, the court promised that whatever sentence was imposed for criminal trespass would run concurrently with the sentence imposed on the escape charge. Consistent with that promise, the court could have imposed the maximum term of incarceration of

three months *(see,* Penal Law § 70.15 [2]). The court instead sentenced defendant to a conditional discharge and, as a condition, directed that he pay restitution in the sum of $37.12. Contrary to the contention of defendant, the direction that he pay restitution was not imposed in addition to the terms of the plea bargain. A sentence of conditional discharge is less severe than the three-month term that could have been imposed, and imposition of that sentence was consistent with the plea bargain. The direction that defendant pay restitution as a condition of the discharge was statutorily authorized *(see,* Penal Law § 65.10 [2] [g]) and did not exceed the terms of the plea bargain. (Appeal from Judgment of Wayne County Court, Strobridge, J.—Escape, 2nd Degree.) Present—Balio, J. P., Lawton, Doerr, Davis and Boehm, JJ.